UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
CARMITO MATEO and ROSA MATEO,

                Plaintiffs,
   -against-

JETBLUE AIRWAYS CORPORATION,

                Defendant.
---------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 10-CV-4133 (FB)

*Appearances:*
*For the Plaintiff:*
GABRIEL S. DE LA MERCED, ESQ.
30 Vesey Street, Ste. 901
New York, NY 10007

*For the Defendant*:
FREDERICK ALIMONTI, ESQ.
NADINE YAVRU-SAKUK, ESQ.
Alimonti Law Offices
200 Mamaroneck Avenue, Ste. 304
White Plains, NY 10601

**BLOCK, Senior District Judge:**

        Plaintiffs Carmito Mateo ("Carmito") and Rosa Mateo ("Rosa") brought this negligence action against defendant Jetblue Airways Corporation ("Jetblue") for damages from injuries Carmito sustained while disembarking from an aircraft.[1] Jetblue now moves for summary judgment pursuant to Federal Rule of Procedure 56. For the reasons stated below, that motion is granted.

**I**

---

[1] Rosa Mateo is not named in the caption, and both parties' submissions consistently refer to "plaintiff," in the singular. Nevertheless, Rosa Mateo is referred to as a "plaintiff" in the body of the amended complaint, one of the two causes of action is for damages she suffered, and plaintiffs' summary judgment submissions state that Rosa "is suing." The substance of the pleadings, not the caption, determines the identity of the parties. *See Ocasio v. Riverbay Corp.*, No. 06-6455, 2007 WL 1771770, *7 (S.D.N.Y. June 19, 2007); *Nationwide Mut. Ins. Co. v. Kaufman*, 896 F.Supp. 104, 109 (E.D.N.Y. 1995). Because it is evident from the complaint that Rosa Mateo is a party, the Court deems the caption amended to include her as a plaintiff.

The following facts are drawn from the parties' summary judgement submissions and are uncontested unless otherwise noted. On December 16, 2007, Carmito Mateo was a passenger on a JetBlue flight from Santo Domingo, Dominican Republic, to John F. Kennedy Airport in Queens County, New York. Plaintiffs maintain that, due to a physical disability, Carmito required assistance disembarking from the aircraft after it landed. A Jetblue employee attempted to carry him down the stairs exiting the aircraft, but dropped him down the final six or seven steps, injuring him.

Plaintiffs filed their first complaint in this action in New York Supreme Court, Kings County, on or around July 28, 2010, and an amended complaint on or around August 4, 2010.[2] The amended complaint alleges, first, that Carmito "sustained severe and protracted personal injuries" as a result of Jetblue's negligence and, second, that his wife, Rosa, also suffered "emotional and psychological damages," as well as economic damages, as a result of his injuries.

On September 10, 2010, Jetblue removed the action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441, on the grounds that plaintiffs' claims "arise under the laws of the United States" because they are governed by the Convention for the Unification of Certain Rules for International Carriage by Air, commonly known as the "Montreal Convention."[3] *See* Convention

---

[2] The only copy of the original complaint in the record is dated July 28, 2010, and is accompanied by an attorney verification dated July 29, 2010. The only copy of the amended complaint in the record is dated August 4, 2010, and is accompanied by an attorney verification marked with the same date. These documents do not reflect the date of filing. Plaintiffs maintain that the original complaint was filed "on or about July 28, 2010," and that the amended complaint was filed "on or about August 4, 2010." Pl. Rule 56.1 Statement ¶¶ 1, 4. Jetblue's attorney affirms that defendant was served with the amended complaint on August 4, 2010.

[3] The notice of removal cited the Convention for the Unification of Certain Rules Relating to International Transportation By Air, known as the "Warsaw Convention." 49 Stat. 3000, 3014, T.S. No. 876 (entered into force in the United States in 1934), *reprinted in* 49 U.S.C. § 40105 note. As the Montreal Convention "unifies and replaces the system of liability that derives from the Warsaw Convention," *Ehrlich v. American Airlines, Inc.*, 360 F.3d 366, 372 (2004), and Jetblue refers to the Montreal Convention, not its predecessor, in its summary judgment motion, this Court understands removal to have been pursuant to the Montreal Convention.

for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003), *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000).

On June 24, 2011, Jetblue filed its motion for summary judgment, contending that plaintiffs' action is time-barred under the Montreal Convention.  In response, plaintiffs argue that this Court lacks jurisdiction and the case should be remanded to state court; that Jetblue should be estopped from raising a timeliness defense because the parties were engaged in settlement negotiations before the litigation began; and that Jetblue failed to meet the Convention's requirements, and therefore is not entitled to assert defenses under it.

## II

*A. Jurisdiction*

A civil action may be removed to federal court if the federal court would have "original jurisdiction." 28 U.S.C. § 1441(a).  Jetblue contends that this Court has such jurisdiction because this action "aris[es] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, specifically the Montreal Convention.  The Convention "applies to all international carriage of persons, baggage or cargo performed by aircraft for reward." Montreal Convention art. 1.  It provides for carrier liability for damages caused by bodily injury of a passenger "on board the aircraft or in the course of any of the operations of embarking or disembarking." Montreal Convention art. 17.  Plaintiffs argue that their complaint contains only state law claims and is therefore not removable.

In determining subject matter jurisdiction, federal courts generally consider only allegations that would be included in a "well-pleaded complaint." *Sullivan v. American Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir. 2005).  Thus, "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is

3

anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

There is, however, "an 'independent corollary' to the well-pleaded complaint rule known as the 'complete pre-emption' doctrine." *Caterpillar Inc.*, 482 U.S. at 393. A statute may have such "extraordinary" preemptive force that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 65 (1987); *see also Sullivan*, 424 F.3d at 272 ("When a plaintiff raises such a completely preempted state-law claim in his complaint, a court is obligated to construe the complaint as raising a federal claim and therefore 'arising under' federal law."). To determine whether a statute has complete preemptive force, the Court "must ask whether the federal statute provides 'the exclusive cause of action' for the asserted state-law claim." *Sullivan*, 242 F.3d at 276 (quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 9 (2005)).

Neither the Supreme Court nor the Second Circuit has spoken on whether the Montreal Convention completely preempts state law claims. The Supreme Court has held, however, that under the Warsaw Convention – the Montreal Convention's materially similar predecessor – "recovery for a personal injury suffered on board [an] aircraft or in the course of any of the operations of embarking or disembarking, if not allowed under the Convention, is not available at all." *El Al Isr. Airlines v. Tsui Yuan Tseng*, 525 U.S. 155, 161 (1999) (internal citations omitted). Further, the Second Circuit has described the Warsaw Convention as "creat[ing] a comprehensive liability system to serve as the exclusive mechanism for remedying injuries suffered in the course of the 'international transportation of persons, baggage, or goods performed by aircraft.'" *King v. American Airlines, Inc.*, 284 F.3d 352, 356-57 (2002) (quoting

4

the Warsaw Convention, art. 1). There is no reason to conclude that the Montreal Convention is of more limited scope than the Warsaw Convention, and the two Conventions "have substantially the same preemptive effect." *Paradis v. Ghana Airways Ltd.*, 348 F. Supp. 2d 106 (S.D.N.Y. 2004).[4] Thus, the Montreal Convention is the exclusive means of redressing injuries that fall within its purview. *See King*, 284 F.3d at 356-57. This suggests that the Convention provides "the exclusive cause of action" for such claims and therefore has complete preemptive power. *See Sullivan*, 242 F.3d at 276.

Other courts, including several in this circuit, have also concluded that the Montreal and Warsaw Conventions completely preempt state law claims. *See Husmann v. Trans World Airlines, Inc.*, 169 F.3d 1151, 1153 (8th Cir. 1999) ("[S]tate law cause of action is completely preempted by the Warsaw Convention"); *Ginsberg v. American Airlines*, No. 09-3226, 2010 WL 3958843 (S.D.N.Y. Sept. 27, 2010) ("Like the Warsaw Convention, the Montreal Convention has been construed as having a complete preemptive effect over all claims within its scope."); *Olaya v. American Airlines, Inc.*, No. 08-4853, 2009 WL 3242116 at *1 (E.D.N.Y. Oct. 6, 2009) (same); *Singh v. N. Am. Airlines*, 426 F. Supp. 2d 38, 45 (E.D.N.Y. 2006) ("[I]t is plain that the [Warsaw] Convention completely preempts those claims which fall within its scope."); *Donkor v. British Airways Corp.*, 62 F. Supp. 2d 963, 967 (E.D.N.Y. 1999) ("[T]he Warsaw Convention completely preempts the claims that it governs."); *but see Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.*, 522 F.3d 776, 785 (7th Cir. 2008) ("Article

---

[4]The Warsaw Convention provided that "[i]n the carriage of passengers and baggage, any action for damages, however founded, can only be brought subject to the conditions and limits set out in this convention." Art. 24(1). The Montreal Convention provides: "In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention . . . ." Art. 29.

24 expressly contemplates that an action may be brought in contract or in tort. The liability limitation provisions of the Warsaw Convention simply operate as an affirmative defense").

Plaintiffs' claims plainly fall within the scope of the Convention, as they seek compensation for damages arising from an injury that occurred "in the course of . . . disembarking" from an aircraft following an international flight. *See* Montreal Convention art. 1, 17. Plaintiffs assert that they do not merely seek compensation for physical injury, and therefore their claims fall outside the scope of the Convention. This argument is unavailing: "[T]he Convention's preemptive effect on local law extends to all causes of action for injuries to persons or baggage suffered in the course of international airline transportation, regardless of whether a claim actually could be maintained under the provisions of the Convention." *King*, 284 F. 3d. at 357. This Court therefore has jurisdiction over plaintiffs' claims.

B. *Plaintiffs' claims are time-barred.*

Article 35 of the Montreal Convention provides that "[t]he right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination" and "[t]he method of calculating that period shall be determined by the law of the court seised of the case." This limitations period "constitutes a condition precedent – an absolute bar – to bringing suit." *American Home Assur. Co. v. Kuehne & Nagel (AG & Co.) KG*, 544 F. Supp. 2d 261, 263 (S.D.N.Y. 2008) (quoting *Split End Ltd. v. Dimerco Express (Phils) Inc.*, No. 85-1506, 1986 WL 2199, at *6 (S.D.N.Y. Feb.11, 1986)).

Under New York law, an action is commenced by filing of a summons and complaint. *See* C.P.L.R. § 304(a). Plaintiffs do not contest that by filing their initial complaint "on or around" July 28, 2010, Pl. Rule 56.1 St. ¶ 1, they commenced this action well over two years after the December 16, 2007, accident. They contend, however, that the limitations period

should be tolled because Jetblue engaged in bad-faith settlement negotiations that lulled plaintiffs into missing the filing deadline.

The Convention's time limitation is not subject to tolling. *See Fishman by Fishman v. Delta Air Lines, Inc.*, 132 F.3d 138, 143 (2d Cir. 1998) (holding that the Warsaw Convention's two-year limitation was not subject to tolling); *Duay v. Continental Airlines, Inc.*, No. 1454, 2010 WL 5342824 at 4 (S.D. Tex. December 21, 2010) (holding that the Montreal Convention is not subject to tolling). Even if it were, the parties' negotiations would not entitle plaintiffs to equitable estoppel. "To be entitled to an estoppel, the plaintiff must show that by engaging in protracted settlement discussions, defendant intended to lull the plaintiff into inactivity and to induce plaintiff to continue negotiations until after the statute of limitations had run." *Murphy v. Wegman's Food Market, Inc.*, 529 N.Y.S.2d 648, 649 (4th Dep't 1988). Although Jetblue was engaged in settlement negotiations with Mateo, there is no evidence that the airline was negotiating in bad faith and "[m]ere evidence of communications or settlement negotiations . . . either before or after the expiration of the limitations period is not, without more, sufficient to establish grounds for waiver or estoppel." *Stubbs v. Pirzada*, 865 N.Y.S.2d 326, 327 (2d Dep't 2008).

C.  *Notice provisions*

The Montreal Convention requires that passengers "be given written notice to the effect that where this Convention is applicable it governs and may limit the liability of carriers." Montreal Convention art. 3(4). Plaintiffs assert that the warning to this effect printed on Carmito's ticket was too small to provide effective notice and that Jetblue should therefore be prevented from asserting any defenses under the Convention. Even if, *arguendo*, Jetblue did not provide effective notice, however, the Convention states that "[n]on-compliance with the [notice] provisions . . . shall not affect the existence or the validity of the contract of carriage,

7

which shall, nonetheless, be subject to the rules of this Convention including those relating to limitation of liability."

Accordingly, defendant's motion for summary judgment is granted.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 23, 2012